{¶ 21} I agree with the majority that this case must be remanded to the trial court for an evidentiary hearing. But, I respectfully disagree with the majority's decision to treat the decree of divorce and the separation agreement as separate entities. The majority affirms the trial court's decision to vacate the divorce decree but remands the issue of the validity of the separation agreement for an evidentiary hearing. I would find that the separation agreement has been incorporated into the divorce decree and the two entities have become one. That one entity is the divorce decree. Therefore, I would remand the issue of whether the decree should be vacated for an evidentiary hearing.
 {¶ 22} The syllabus in Wolfe v. Wolfe (1976),46 Ohio St.2d 399, 350 N.E.2d 413, states "[a] separation agreement of the parties loses its nature as a contract the moment it is adopted by the court and incorporated into a decree of divorce. (Law v.Law, 64 Ohio St. 369, 60 N.E. 560, Newman v. Newman,161 Ohio St. 247, 118 N.E.2d 649 and Mozden v. Mozden, 162 Ohio St. 169,122 N.E.2d 295 modified)." The majority in the case sub judice finds that even though this incorporation has taken place, the decree and the separation agreement can be treated separately. I disagree. I would find that upon the incorporation of the separation agreement into the decree, the separation agreement becomes part of and one with the decree.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Fairfield County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Costs to be split evenly between appellant and appellee.